UNITED STATES DISTRICT COURT
Eastern District of New York

Robert C. Heinemann
Clerk

*GERALD P. LEPP, ESQ.*
ADR Administrator

Please Reply to:
BROOKLYN OFFICE
U.S. COURTHOUSE
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK, 11201

Telephone 718-613-2577   Fax 718-613-2399
Gerald_P_Lepp@nyed.uscourts.gov

## LETTER OF INSTRUCTIONS
## TO COUNSEL IN EDNY MEDIATION
## (last updated 11/02/06)

I.      Date for mediation session and selecting Mediator

Unless otherwise provided in the Mediation Referral Order, the first mediation session will take place approximately four to six weeks after the date of the Mediation Order. Counsel are to select the Mediator, schedule the first mediation session, and (1) electronically file and (2) confirm in writing to the ADR Administrator, Gerald P. Lepp (718-260-2546), the name of the Mediator, and the date, time, and place of the first mediation session. Counsel are to confer with each other and to speak directly with the potential Mediator, in scheduling the first mediation session. A mediation session should be scheduled for an entire day. Trial Counsel, a representative of their client with full settlement authority, and the Insurance Adjustor shall attend the mediation sessions in person.

Counsel shall select the Mediator from the EDNY Panel of Mediators which is listed on the ADR website www.nyed.uscourts.gov/adr and also schedule the session. The names of the mediators, their areas of concentration together with addresses and telephone numbers are listed on the website. **The mediators on the panel serve pro bono and without compensation.** Counsel may also agree to a particular mediator whether or not he/she is on the EDNY panel or to use the services of an independent Alternative Dispute Resolution organization. Compensation of mediators not on the EDNY Panel is determined by agreement among Counsel and the mediator.

Please be aware that many of the EDNY panel mediators provide private mediations as well. **It is very important that you identify yourself to the mediator as a party in a case which was court-ordered to mediation.** All EDNY Panel Mediators serve pro bono in court-ordered mediations.

Alternatively, the Mediation Department may be requested to select the Mediator. In such case, three potential dates when all counsel, their clients, and insurers will be available should be advised in writing to the Mediation Office (fax number 718-613-2399). The Mediation Office will thereafter select a mediator who will conduct the mediation session on one of the three proposed dates. The Mediation Office will notify all counsel of the date selected for the mediation session as well as the contact information for the selected mediator.

If Counsel select the mediator, then the name of the Mediator, date, time and

place of the mediation session, shall be confirmed in a letter to all Counsel with a copy to the Mediation Office (fax: 718-613-2399). The Confirmation Letter shall be filed electronically with the Court.

II.   Submissions

The mediation statement is intended to inform the mediator about the case from the party's view. <u>Before drafting the mediation statement, counsel should discuss with the mediator any particular requirements that the mediator may have.</u>

The Local Civil Rule 83.11(b) (4) provides that "no less than seven days prior to the first mediation session, each party shall submit directly to the mediator a mediation statement not to exceed ten pages double-spaced, not including exhibits, outlining the key facts and legal issues in the case. The statement will also include a description of motions filed and their status, and any other information that will advance settlement prospects or make the mediation more productive. Mediation statements are not briefs and are not filed with the Court, nor shall the assigned Judge or Magistrate Judge have access to them."

Unless otherwise agreed by the parties and the mediator, the submissions shall not be exchanged among counsel.

III.   <u>Attendance in Person by Trial Counsel, Insurance Adjustor, and Party Representative with full settlement authority at each Session and Session Location.</u>

Attendance in person at each mediation session is required of the trial counsel, insurance adjustor (if any) and the party or its representative with full settlement authority to settle the matter in the case of a business or governmental entity or a minor. The names and general job titles of the employee(s) or agents of the corporation or insurance company who will attend the mediation session should be included in the mediation statement. **Availability by telephone is unacceptable.**

Mediation sessions may be conducted at the offices of the mediator, the Courthouses of the Eastern District at Central Islip and Brooklyn, and with the consent of all Counsel, a Counsel's conference room. Telephone the Mediation Office for reservations at the Courthouses. (Telephone 718-613-2577 or FAX 718-613-2399)

IV   Finalizing agreement

Oral agreements should be committed to writing and signed at the mediation session. In addition, a stipulation of discontinuance should be prepared and filed. A form of stipulation of discontinuance is attached hereto.

V. <u>Questionnaire for Attorneys in Mediated Cases</u>

After the mediation has taken place, please evaluate the performance of your Mediator and return your evaluation to:

> Gerald P. Lepp, ADR Administrator
> US District Court
> 225 Cadman Plaza East
> Brooklyn, NY 11201

VI. <u>Other Resources</u>

EDNY Local Civil Rule 83.11   Court-Annexed Mediation
(Eastern District Only)

EDNY ADR website   www.nyed.uscourts.gov/adr

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties:

1. The parties shall participate in a mediation, whereby a neutral and impartial person will assist them in attempting to reach a mutually acceptable negotiated resolution of the dispute between them (the Mediation").

2. The Parties jointly accept _____ to provide mediation services to them. (the "Mediator").

3. The Mediation shall be non-binding.

4. The Mediator shall not have authority to render a decision that shall bind the parties.

5. The parties are not obligated to agree to any proposals which are made during the Mediation.

1. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

2. The Mediator may meet in private conference with less than all of the parties.

3. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

4. The Mediator shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed to him or her by either of the parties or any matters which otherwise relate to the Mediation.

5. The mediation process shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All conduct, oral or written, made during the Mediation by any party or a

        party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties. Provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this mediation process.

6.     The Mediator and his or her agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

7.     The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to: the Mediation, the subject matter of the mediation, or any thoughts or impressions which the mediator may have about the parties in the mediation, and (ii) shall not subpoena any notes, documents or other material prepared by the mediator in the course of or in connection with the Mediation, and (iii) shall not offer in evidence any statements, views or opinions of the Mediator.

8.     The Mediator's services have been made available to the parties through the dispute resolution procedures sponsored by the Court. In accordance with those procedures, the Mediator represents that he has taken the oath prescribed by 28 U.S.C. 453.

9.     Any party to this Stipulation is required to attend at least one session and as many sessions thereafter as may be helpful in resolving the dispute.

10.     An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

Dated: _____

_____                      _____
Plaintiff                                                                                 Defendant

_____                      _____

Attorneys for Plaintiff                    Attorney for Defendant


Consented to: _____
                    Mediator

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------x

                                        STIPULATION
                                        OF SETTLEMENT
                                        CV


---------------------------------------------x




It is hereby stipulated by and between Counsel that this action is settled.

Therefore, it is ordered by the Court that this action is discontinued without costs and without prejudice to the right to reopen the action if settlement is not consummated.


DATED:


_____
Counsel for Plaintiff


_____
Counsel for Defendant

_____
SO ORDERED:
U.S. DISTRICT JUDGE

Mediation Program
Eastern District of New York
Questionnaire for Attorneys in Mediated Cases

   Our records indicate that you recently represented a client in a case referred to mediation authorized by EDNY Local Rule 83.11. To evaluate the performance of our Mediators, we need to know the views of those who have participated in mediation session. This questionnaire asks about your experience in the case identified below. Your responses are confidential and will not be known to the court, other attorneys, the mediator, or the parties.

Please answer all questions with reference to the following case only:

_____ v. _____

Docket Number: _____

Type of case: _____

Mediator : _____

Mediation Session Date(s) : _____

   If you were not present at the mediation session in this case, please provide any information to help us contact the correct attorney.

Attorney name: _____

Firm name: _____

Address: _____
_____

Telephone : _____

Fax: _____

1. Overall, how helpful or detrimental was the mediation in the resolution of this case?

    Please check one response.

    (___) 1. Very helpful.

    (___) 2. Somewhat helpful.

    (___) 3. It had little impact on the case.

    (___) 4. Somewhat detrimental.

    (___) 5. Very detrimental.

2. Was your client present at the mediation session(s)?

    (___) 1. Yes.

    (___) 2. No.

3. Was a mediation Statement submitted on behalf or your client prior to the first session?

    (___) 1. Yes.

    (___) 2. No.

4. Was a settlement worked out at the mediation session(s)?

    (___) 1. Yes.

    (___) 2. No.

5. Approximately how many hours did the mediation session(s) last?

    _____ hours

6. How do you rate the Mediator on each of the following points:

|  | Poor | Fair | Good | Very Good | Excellent |
|---|---|---|---|---|---|
|  | 1 | 2 | 3 | 4 | 5 |
| Knowledge of the law | ___ | ___ | ___ | ___ | ___ |
| Preparation | ___ | ___ | ___ | ___ | ___ |
| Fairness and Impartiality | ___ | ___ | ___ | ___ | ___ |
| Creative Problem Solver | ___ | ___ | ___ | ___ | ___ |

Comments_____

_____

7. Was the Mediator effective in getting the parties to engage in meaningful discussion of this case?

(___) 1. Yes.

(___) 2. No.

Explain: _____

_____

8. Check which of the following skills the Mediator possessed:

XVI.   ability to listen actively. (___)

XVII.  ability to analyze problem, identify and separate the issues involved and frame these issues for solution or decision making.   (___)

XVIII. ability to use clear neutral language in speaking.   (___)

XIX.   sensitivity to strongly felt values of the participants, including gender, ethnic, and cultural differences.   (___)

XX.     ability to deal with complex factual materials.   (___)

XXI.    presence and persistence. Ability to create and maintain control of a diverse group of disputants.   (___)

XXII.   ability to earn trust and maintain acceptability.   (___)

XXIII.  ability to screen out non-mediatable issues.   (___)

XXIV.   ability to help parties to invent creative options.   (___)

XXV.    ability to help parties assess their non-settlement alternatives.   (___)

XXVI.   ability to help the parties assess their own informed choices.   (___)

9. Would you recommend this Mediator?

| Not at all | Reluctantly | Somewhat | Highly |
|---|---|---|---|
| 1 | 2 | 3 | 4 |
| ___ | ___ | ___ | ___ |

Any comments or suggestions you may have about the Mediator or the mediation program or its application to this case are welcome.

THANK YOU

**Please return this questionnaire to:**

**Gerald P. Lepp, ADR Administrator**
**United States District Court**
**Eastern District of New York**
**225 Cadman Plaza East**
**Brooklyn, NY 11201**